UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WAD, JR. (XXX-XX-0073)    CIVIL ACTION NO. 11-cv-0572

VERSUS    JUDGE FOOTE

U.S. COMMISSIONER, SOCIAL    MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

WAD, Jr. ("Plaintiff") was born in 1966, has a high school education, and past work experience as a stable attendant/groomer. He applied for disability benefits based primarily on heart-related problems. ALJ W. Thomas Bundy conducted a hearing and issued a decision that denied the claim. The Appeals Council denied a request for review, and Plaintiff filed this civil action seeking judicial review. Plaintiff's arguments include that the ALJ did not adequately consider the impact the side effects of Plaintiff's medication have on his ability to work. For the reason that follow, it is recommended that the Commissioner's decision be reversed and the case be remanded for further proceedings.

**Summary of the ALJ's Decision**

The Social Security Act entitles certain "disabled" persons to disability benefits or supplemental security income benefits. The Act defines disabled persons as those who are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

or can be expected to last for a continuous period of not less than 12 months. The Act requires the Commissioner to establish by regulation uniform standards for the adjudication of claims. The Commissioner has promulgated regulations that include what is commonly referred to as the five-step sequential analysis. See 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for supplemental security income). The analysis is described in cases such as Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003) and Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). A finding at any step that the claimant is or is not disabled ends the analysis.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his 2008 application date (step one). He found at step two that Plaintiff had the following severe impairments: chronic chest pain, non-ischemic cardiomyopathy, congestive heart failure, myocardial infarction, high blood pressure, non-insulin dependent diabetes mellitus, and anemia. The impairments did not meet or equal a step three listed impairment that would require a finding of disabled without consideration of other factors.

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work. The ALJ found at step four that Plaintiff could not perform his prior work, which was heavy in nature. He then turned to step five, which asks whether the claimant is able to perform the demands of other jobs that exist in the economy. At the fifth step, the Commissioner may meet his burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely exclusively on the Guidelines if (1) the claimant suffers only from

exertional impairments or (2) the claimant's non-exertional impairments do not significantly affect his RFC. Id. § 404.1569; Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). If non-exertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for guidance but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist. Fraga, supra. The ALJ relied on Medical Vocational Rule 201.27, which directs a finding of not disabled with respect to a person of Plaintiff's age, education, and ability to perform sedentary work.

**Issues on Appeal**

Plaintiff argues that the ALJ erred in finding he can perform the full range of sedentary work because (1) a physical therapist included additional non-exertional limitations in his report and (2) his medications caused side effects such as the need to take frequent bathroom breaks, episodes of dizziness, and drowsiness. Plaintiff raises a related issue that the evidence does not support the ALJ's rejection of his claim of frequent urination and the need to rest.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The regulations require the Commissioner to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take [s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(IV). See Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999). Limitations caused by side effects must be taken into consideration when determining whether a claimant is disabled. The absence of a direct discussion of a claim of drowsiness or other side effect, which could be a significant non-exertional impairment, may deprive the agency decision of substantial evidence to support it and preclude an informed appellate review. C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009).  See also, Clay v. Commissioner, 2009 WL 5195943 (W.D. La. 2009)("[W]hen a claimant complains of medication side effects, and the ALJ fails to evaluate those side effects and their impact on the claimant's residual functional capacity, the ALJ commits error."). The presence of a significant non-exertional impairment in the form of a side effect would prohibit the ALJ from relying solely on the Guidelines to meet his step five burden.

Plaintiff filed lists of his many medications.  Tr. 144-47.  Plaintiff testified at the hearing that he gets dizzy and falls asleep when he takes certain medications.  Tr. 24.  When asked about his abilities to stand and walk, he said, "I get dizzy a lot."  A witness mentioned that Plaintiff tended to "doze off a lot."  Plaintiff's attorney asked him if he knew what caused him to be drowsy and dizzy, and Plaintiff said he thought it was his medications.  He

said the dizziness starts about 15 minutes after he takes his medicine, and he must sit down until his head clears.  Tr. 30-31.  Plaintiff said he believed his Lasix was behind his need for frequent urination, about three times an hour.  Tr. 32.

The ALJ, when assessing the RFC, acknowledged Plaintiff's testimony that his medications make him dizzy and sleepy.  He did not specifically discuss his rationale, but the ALJ did include a standard provision in his decision that the claimant's statements (all of them, not just those about side effects) about the intensity, persistence, and limiting effects of the symptoms were credible only to the extent consistent with the RFC.  Tr. 15.  In discounting the degree of pain claimed by Plaintiff, the ALJ wrote that his "medications appear to be effective and do not produce any adverse side effects."  Tr. 15.  After finding that Plaintiff had the RFC to perform sedentary work, the ALJ wrote: "Although claimant's representative argued that the claimant's medications caused frequent urination and a need for rest during a normal workday, the undersigned finds no objective medical evidence to support this claim."  Tr. 16.

The undersigned has ordered or recommended reversal in other cases where there was specific testimony or other evidence about side effects, the ALJ did not address the evidence in his decision, and the evidence presented a significant likelihood that it could affect the RFC. See, e.g., U.M. v. Commissioner, 2011 WL 705167 (W.D. La. 2011) and K.K.G. v. Commissioner, 2011 WL 693602 (W.D. La. 2011).  This is perhaps a closer case than some because the ALJ did acknowledge some dizziness and drowsiness in his opinion and assessed the credibility of the claims, albeit in a conclusory manner.  It is not necessary to decide

whether that credibility assessment is adequate in light of Social Security Ruling 96-7p because there was not even a conclusory assessment of Plaintiff's testimony that his medication triggers a need for frequent urination. The ALJ stated that the claimant's representative had *argued* there was such a condition, but Plaintiff gave direct testimony on the issue. The ALJ cited a lack of supporting objective medical evidence and ended the discussion without assessing Plaintiff's credibility with respect to frequent urination. The undersigned has stated in the past that a lack of objective medical evidence of the side effect does not allow the Commissioner to ignore testimony to that effect. K.G.G. v. Commissioner, supra.[1] The lack of objective evidence is a factor in the assessment, but when there is no such assessment, it is not the role of the court to make credibility determinations in the first instance.

There was direct testimony by Plaintiff that he experienced side effects from his medication that would likely have a significant effect on the ability to perform sedentary work. Some of the claimed side effects were rejected in a conclusory fashion, and at least

---

[1] The claimant in Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999) testified at his hearing that his prescribed medications caused nausea, dizziness, and sore throat. He also said that he had difficulty maintaining his blood sugar, which caused side effects including diminished coherence. The ALJ's written decision acknowledged that the claimant took prescription medication for neuropathy and OTC medications for back pain, but said incorrectly that the claimant reported no adverse side effects. The Fifth Circuit noted the claimant's testimony and, without reference to any medical findings, said that the Commissioner's conclusion that the claimant suffered from no adverse side effects was in error. Remand to the agency was ordered. Crowley, 197 F.3d at 199. There was no mention of objective evidence to support the claimant's testimony about side effects or any requirement of the same.

one was rejected simply for lack of supporting objective evidence and without assessing credibility. If such side effects were found to exist, they would likely preclude exclusive reliance on the Guidelines as a step five. The issue warrants reversal and remand, where the Agency and Plaintiff can further explore and specifically address all of the claimed side effects.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE